Sylvester JONES, Plaintiff,

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. 82–1659.

United States District Court, District of Columbia.

April 13, 1983.

Sylvester Jones, pro se.

## MEMORANDUM ORDER

CHARLES R. RICHEY, District Judge.

The Court has before it Defendants' Motion to Dismiss for lack of venue and personal jurisdiction, plaintiff's opposition thereto, and the entire record herein. Upon consideration of the record, the Court finds that venue is not proper in this Court. However, rather than dismiss this action, the Court will, *sua sponte,* order transfer of this case to the United States District Court for the District of Kansas.

Plaintiff, who was then a prisoner at the Federal Correctional Institute in Leavenworth, Kansas, filed a complaint in this Court alleging that prison officials and unnamed others were involved in a conspiracy to deprive him of his rights. Plaintiff alleges that these individuals violated his rights when they, *inter alia,* interfered with his mail by opening packages before delivering them to him, monitored his telephone calls, failed to allow him to use free prison mails to assist other inmates with their legal problems when they were transferred to other institutions, and dealt with him unfairly at the prison commissary. Plaintiff seeks nearly $6 million in compensatory and punitive damages.

Plaintiff has not specified, either in his complaint or in his response to Defendants' Motion to Dismiss, on what basis venue here is premised. Defendant argues that the only possible basis for venue is 28 U.S.C. § 1391(b) because this is a "civil action wherein jurisdiction is not founded solely on diversity of citizenship." Under § 1391(b), suit may be brought "only in the judicial district where all defendants reside, or in which the claim arose...." It appears to the Court that another possible statute on which venue may be based is 28 U.S.C. § 1391(e). Section 1391(e) provides that where, as here, a defendant is a federal employee acting in his official capacity, venue is proper in any district in which a defendant resides, the cause of action arose, any real property involved is located or, if

there is no real property, in which the plaintiff resides.[1]

■ Neither § 1391(b) nor § 1391(e) supports bringing this suit in this Court. None of the defendants in this action reside in this district and there is no real property involved. Moreover, it appears to the Court that the claim arose in Kansas.

■ Plaintiff argues that defendants' actions were in accordance with federal prison policies and those policies were formulated in Washington D.C., therefore, the actions complained of occurred in this district. However, upon a careful reading of the complaint, the Court finds that plaintiff takes issue with the actions of individuals, not with the policies underlying them. In fact, the actions complained of may have been in contravention of official policy. For example, plaintiff argues that his rights were violated because prison officials did not know how to deactivate the monitor on prison phones so that plaintiff could call his counsel. Plaintiff sought to have the monitor removed when he learned that it was prison policy to allow inmates to communicate with counsel in private. In this instance, it is clear that plaintiff takes issue not with the policy but with its implementation. The implementation of the policy occurred at Leavenworth. Consequently, the Court is aware of no statute on which venue may be based in this action and the Court is convinced that venue here is not proper.[2]

Accordingly, it is, by the Court, this 13th day of April, 1983, hereby

ORDERED that this case is transferred to the United States District Court for the District of Kansas.

1. At all times relevant hereto plaintiff was incarcerated in Leavenworth, Kansas. On April 7th, 1983 the Court was informed that plaintiff had been transferred to Springfield, Missouri. This move, however, does not affect the Court's Opinion. At most, plaintiff's transfer creates an additional forum in which venue may be proper—in the District Court in Missouri. Because all the events that form the basis of plaintiff's complaint occurred in Kansas, the Court still believes that transfer to that forum is appropriate.

2. Moreover, the Court notes that plaintiff has not been able to demonstrate that defendants have sufficient "minimum contacts" to this district to vest *in personam* jurisdiction in this Court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). *See also Security Bank, N.A. v. Tauber*, 347 F.Supp. 511, 513 (D.D.C. 1972) (plaintiff has the burden of proving facts sufficient to support the Court's assumption of personal jurisdiction over defendants).