**Rebecca McClellan KAISER, et al., Plaintiffs,**

v.

**David C. MILLER, et al., Defendants.**

**Civ. A. No. 86–3102.**

United States District Court,
District of Columbia.

Feb. 25, 1987.

---

Paul Allen Kaiser, pro se.

Rebecca McClellan Kaiser, pro se.

Michael L. Martinez, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiffs' Motion For a Writ of Mandamus. Plaintiffs are suing four officers of the United States Capitol Police for alleged actions related to the death of their dog, and now are asking the Court to compel the Clerk of the Court to enter a default against defendant David C. Miller for failing to answer the complaint within 20 days of service. After consideration of plaintiffs' motion, the opposition thereto, and the entire record, the Court concludes that plaintiffs have failed to effect proper service. Accordingly, Miller is not yet under a duty to respond to the complaint and a default cannot be entered.

### Facts

In their complaint, plaintiffs allege that while walking their dog, Kal, near the United States Capitol, they encountered Officer Miller and his police dog. When the police dog barked, Kal started toward Miller and the police dog. When Kal was approximately five feet away from Miller, the officer drew his service revolver and shot plaintiffs' dog. Plaintiffs further allege that Miller and several other officers who arrived at the scene ignored plaintiffs' requests for medical assistance, while verbally abusing them and physically restricting their movement. With the assistance of a passer-by, plaintiffs transported their dog to an animal hospital where he died.

Plaintiffs claim deprivation of their rights under the Fifth and Eighth amendments to the United States Constitution, false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, and gross negligence.

According to plaintiffs' certificate of service, defendant Miller was personally served with a copy of the complaint and summons on November 12, 1986. On December 8, 1986, plaintiffs applied to the Clerk of the Court for entry of default against Miller. On December 15, 1986, the Clerk denied the application on the ground that as a federal official Miller was entitled to 60 days to answer or otherwise respond. Plaintiffs now move for a writ of mandamus to compel the entry of a default.

### Discussion

Under Rule 12(a) of the Federal Rules of Civil Procedure, a defendant must answer a complaint within 20 days of proper service of process, unless the defendant is "[t]he United States or an officer or agency thereof," in which case the defendant has 60 days to respond. Moreover, under Rules 4(d)(4) and 4(d)(5) of the Federal Rules of Civil Procedure, service upon an officer or agency of the United States must be effected by delivering copies of the summons and complaint to the United States Attorney for the district in which the action is brought, by sending copies of the summons and complaint to the Attorney General of the United States, and by personally serving the officer or agency. Although Miller is an employee of the United States Government, plaintiffs have not complied

with the requirements for service on an officer or agency of the United States.

Plaintiffs seek to avoid the requirements of Fed.R.Civ.P. 4(d) and 12(a) by purporting to sue Miller "in his individual capacities." Complaint at # 4. However, it is clear from the factual allegations of the complaint that the case involves actions taken by Miller under color of his authority as a member of the Capitol Police. The fact that plaintiffs are suing Miller individually, rather than as the representative of the Capitol Police, does not relieve them of their responsibilities to serve process pursuant to Fed.R.Civ.P. 4(d)(4) and 4(d)(5); the crucial distinction is whether Miller acted in a "personal" capacity or "under color of legal authority." *Lawrence v. Acree,* 79 F.R.D. 669, 670–71 (D.D.C.1978). Accordingly, plaintiffs have failed to effect proper service. *See id.* at 671; *see also Wise v. Commissioner of Internal Revenue Service,* 624 F.Supp. 1124, 1127 (D.Mont.1986); *Francisco v. Schmidt,* 532 F.Supp. 850, 852 (W.D.Wisc.1982).[1]

Until proper service of process is made, defendants are under no obligation to answer. Under Fed.R.Civ.P. 4(j), plaintiffs have 120 days from the date of filing the complaint to effect service. If plaintiffs comply with the relevant provisions of Fed. R.Civ. 4(d) within that period, as requested the defendants will have 60 days from the date of service upon the United States Attorney within which to answer. *See* Fed.R. Civ.P. 12(a); *see also Dickens v. Lewis,* 750 F.2d 1251, 1255 (5th Cir.1984) (defendants sued as individuals for actions taken under color of authority are subject to 60–day standard).[2]

Thus, plaintiffs' motion for a writ of mandamus is denied because they have not yet effected proper service of process. If proper service is made within the applicable time period, defendants may answer, move, or otherwise respond within 60 days of the date on which service is made on the United States Attorney for the District of Columbia.

---

1. That plaintiffs intend to sue for actions taken under the color of federal authority is apparent from their inclusion of causes of action based on the Fifth and Eighth amendments. To the extent that the Constitution authorizes private causes of action, such suits are limited to claims against government officers. *See, e.g., Canadian Transport Company v. United States,* 663 F.2d 1081, 1093 (D.C.Cir.1980) (private cause of action to enforce Fifth amendment not available against private defendants). If plaintiffs were to base their complaint solely on actions taken by Miller in a personal capacity, it does not appear that there would be a federal cause of action to create subject matter jurisdiction in this Court.

2. Notice hereby is given that if proper service is not made within 120 days of the filing of the complaint, the complaint will be dismissed without prejudice pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.