Seymour POLLACK, Plaintiff,

v.

Edwin A. MEESE, III, Attorney General, J. Michael Quinlan, Director, Federal Bureau of Prisons, G.C. Wilkerson, Regional Director, Federal Bureau of Prisons, and C.A. Turner, Warden, Medical Center for Federal Prisoners, Defendants.

Civ. A. No. 88–1395 SSH.

United States District Court, District of Columbia.

March 28, 1990.

Seymour Pollack, Fort Worth, Tex., pro se.

Asst. U.S. Atty. John M. Facciola, Washington, D.C., for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on the motion to dismiss of defendants Edwin A. Meese, III, J. Michael Quinlan, George Wilkerson, and C.A. Turner, plaintiff's opposition, defendants' reply, and the entire record herein. The Court concludes that this Court does not have personal jurisdiction over the defendants and that the complaint should be dismissed.

### Background

The following facts are taken from the *pro se* complaint filed in this case by the plaintiff Seymour Pollack. While incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri ("Springfield"), plaintiff required the use of a portable oxygen tank because of a chronic lung condition. On November 6, 1987, in accordance with institutional policy, the Unit Manager at Springfield reminded the Medical Unit staff by memorandum that inmates requiring oxygen tanks were permitted to leave the unit only under staff escort.[1] On February 22, 1988, the Unit Manager sent out a second memorandum regarding this policy upon learning that inmates with oxygen tanks were moving around unescorted.[2] In his complaint, plaintiff alleges that he was prevented from leaving his ward without a staff escort on many occasions which unconstitutionally limited his equal access to fresh air, law library facilities, organization meetings, and religious programs.[3]

Plaintiff filed his complaint on May 20, 1988. Since plaintiff is proceeding *in forma pauperis*, the U.S. Marshals Office effected service on the various defendants pursuant to Federal Rule of Civil Procedure 4(c)(2)(B)(i). The U.S. Marshals effected service of process on defendants Quinlan, Wilkerson, and Turner by certified mail.[4] Service on defendant Meese was effected by certified mail to the U.S. Attorney's Office. The Marshals' returns indicate that service was made on all the defendants.

Plaintiff has set forth various claims. First, plaintiff seeks declaratory and injunctive relief to remedy the alleged conditions at Springfield. Second, plaintiff seeks monetary damages from officers of Springfield in their official and individual capacities for violations under *Bivens* and the Rehabilitation Act of 1973. *See* 29 U.S.C. § 791 (1982); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The defendants argue that plaintiff's claims must be dismissed for several reasons: (1) Venue is improper in the District of Columbia; (2) the Court lacks personal jurisdiction over the defendants; (3) plaintiff has failed to effect proper service on the defendants in their individual or official capacities; and (4) plaintiff's substantive claims are meritless. The Court finds that plaintiff's claim must be dismissed on procedural grounds and thus will not address the merits.

### Discussion

Plaintiff requests injunctive relief compelling the named defendants to refrain from the disputed actions at Springfield. Subsequent to the filing of this action, plaintiff was transferred to a facility in Texas able to accommodate his health needs without any limitation on activity, and since then he has been released. Therefore, plaintiff's request for injunctive relief is moot. Plaintiff concedes this fact and has voluntarily asked for dismissal of the injunctive portion of his complaint with-

---

**1.** The plaintiff's complaint states that he could find no institutional policy statement concerning the staff escort requirement and he so advised the Unit Manager, David M. Wicka.

**2.** The plaintiff states that he is the only person who required portable oxygen usage that left the hospital.

**3.** The defendant has provided information that the plaintiff was in fact escorted to the library and other facilities on many occasions.

**4.** Service was sent to the defendants' places of business, not their places of residence.

out prejudice. *See Consent to Dismiss Plaintiff's Request for Issuance of Injunction,* Aug. 17, 1988, at 3. Thus, only plaintiff's claims against the defendants in their individual and official capacities under *Bivens* and the Rehabilitation Act remain.

## I. *Venue*

■ The applicable venue provision is 28 U.S.C. § 1391(b). Section 1391(b) permits venue only in the judicial district where all the defendants reside, or in which the claim arose. *See Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983). Pursuant to the requirements of § 1391(b), venue in the District of Columbia is improper. First, none of the defendants resides in the District of Columbia. Second, all the actions underlying plaintiff's claims occurred in Missouri.[5] Thus, plaintiff's alleged injury and the operative facts creating his claims occurred in Missouri and not in the District of Columbia. *See id.* at 789. Since none of the individual defendants resides in the District of Columbia, and the alleged offenses did not arise in the District of Columbia, proper venue in this district cannot be established under § 1391(b).

■ Furthermore, plaintiff's suggestion that proper venue may be established pursuant to 28 U.S.C. § 1391(e) must be rejected.[6] This section does not come into operation when an action is brought for money damages against federal officials in their individual capacities. *See Stafford v. Briggs,* 444 U.S. 527, 544, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980); *Relf v. Gasch,* 511 F.2d 804, 807 n. 15 (D.C.Cir.1975). Here, a money judgment is sought against the defendants as individuals and not against the government. Accordingly, service on the defendants cannot be established under

§ 1391(e) and the individual claims must be dismissed.

## II. *Personal Jurisdiction*

This Court may only assert personal jurisdiction over the defendants if permitted under District of Columbia law. *See Crane v. Carr,* 814 F.2d 758, 762 (D.C.Cir. 1987). Moreover, plaintiff bears the burden of pleading and proving sufficient facts upon which to find personal jurisdiction. *Security Bank N.A. v. Tauber,* 347 F.Supp. 511, 513 (D.D.C.1972). D.C.Code § 13–422 provides the bases for personal jurisdiction over residents or those incorporated in the District of Columbia. It allows a District of Columbia court to:

> ... exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in the District of Columbia as to any claim for relief.

Here, defendants Wilkerson, Quinlan, and Meese reside in Virginia, and defendant Turner resides in Missouri. Thus, since none of the defendants reside or are incorporated in the District of Columbia, personal jurisdiction cannot be found on the basis of § 13–422.

■ In order to establish personal jurisdiction, therefore, plaintiff must show that the nonresident defendants had the requisite contacts with the District of Columbia. The D.C. "long arm" statute, D.C.Code § 13–423, enumerates the possible bases for personal jurisdiction over nonresidents. It provides that a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's:

> (1) transacting any business in the District of Columbia;

---

5. All the significant events underlying this action occurred in Missouri: the medical facility is located at Springfield, the institutional policy was promulgated at Springfield, and the prison officials all work there. Thus, whether one uses the "significant contacts" test, *see Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir.1978), or the "place of injury" test, *see Rosenfeld v. S.F.C. Corp.,* 702 F.2d 282, 284 (1st Cir.1983), the claim clearly arose in Missouri.

6. Section 1391(e) provides in relevant part that a civil action in which each defendant is an officer or employee of the United States acting in his official capacity may be brought in any judicial district. This section also permits service of process by delivery of the summons and complaint by certified mail beyond the territorial limits of the district in which the action is brought.

. . . .

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

These provisions are limited by § 13–423(b), which states that "only a claim for relief arising from the acts enumerated in this section may be asserted against him." Thus "section 423(b) ... bar[s] ... claims unrelated to the acts forming the basis for personal jurisdiction." *Willis v. Willis*, 655 F.2d 1333, 1336 (D.C.Cir.1981). Any injury clearly took place in Missouri. Therefore, personal jurisdiction cannot be predicated on the long arm statute because plaintiff does not and cannot claim that the defendants caused the alleged tortious injury in the District of Columbia.

■ Furthermore, there is no merit to the argument that personal jurisdiction could be based on the transacting of any business in the District of Columbia. The law is clear that a persistent course of conduct may be deemed to constitute the transaction of business for the assertion of personal jurisdiction only if that persistent conduct is undertaken in that person's individual capacity rather than an official capacity conducting business for his employer. *Security Bank N.A.*, 347 F.Supp. at 516; *Quinto v. Legal Times*, 506 F.Supp. 554, 558 (D.D.C.1981). Defendant Turner, whose office is in Springfield, Missouri, surely does not transact any business in the District of Columbia. As to defendants Meese, Quinlan, and Wilkerson, they also do not (or, more accurately, did not) transact any business in the District of Columbia. Although the Department of Justice's principal place of business may be in the District of Columbia, these defendants do not transact their individual business in the District of Columbia or maintain their individual places of business in the District of Columbia. Moreover, plaintiff has failed to allege any activities emanating from the Department of Justice that gave rise to his claims in this case. Therefore, there is no basis for this Court to assert personal jurisdiction over any of the defendants.

### III. *Service of Process*

■ With regard to plaintiff's *Bivens* claim, it is well settled that sovereign immunity will not bar damage actions against federal officials who have been sued in their individual capacities for violation of a plaintiff's constitutional rights. *Id.* However, a *Bivens* action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity. *See Ecclestiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988). It follows that in order for the plaintiff to bring the defendants before the court in their individual capacities, the ordinary requirements for exercise of *in personam* jurisdiction are fully applicable. *See Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975). Accordingly, where damages are sought through a *Bivens* claim, personal service, and not service by certified mail, is necessary to obtain jurisdiction over a defendant in his capacity as an individual. *Micklus v. Carlson*, 632 F.2d 227, 240–41 (3d Cir.1980). The failure, therefore, to perfect individual service is fatal to a *Bivens* action. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987).

■ Thus, the threshold question is whether the defendants were properly served in their individual capacities. Federal Rule of Civil Procedure 4(d)(1) requires personal service of a summons and complaint upon each individual defendant.[7] Plaintiff would have had to accomplish personal service under Rule 4(d)(1) on the individuals and serve the United States accord-

---

7. Federal Rule of Civil Procedure 4(d)(1) provides that service will be made "upon an individual ... by delivery of a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house...."

ing to Rule 4(d)(5). *Micklus*, 632 F.2d at 240. Where money damages are sought from a public official in his individual capacity, such as in a *Bivens* action, service by certified mail under Rule 4(d)(5) is insufficient. *See Relf*, 511 F.2d at 808 n. 18; *Micklus*, 632 F.2d at 240. Thus, none of the defendants was properly served in their individual capacities. *Micklus*, 632 F.2d at 240; *Kaiser v. Miller*, 115 F.R.D. 504, 506 (D.D.C.1987). Accordingly, although plaintiff is proceeding *pro se* and *in forma pauperis*, the U.S. Marshal technically should have proceeded under Rule 4(d)(1) and effected personal service on defendants.[8]

Accordingly, because venue in this court is improper, the Court lacks personal jurisdiction over any of the defendants, and the defendants have not been properly served in their individual capacities, the Court dismisses this action due to fatal procedural flaws. The Court does not reach the merits of plaintiff's substantive claims.

---

**8.** With regard to the claims against the defendants in their official capacities, Rule 4(d)(5) governs service of process upon federal officials. The rule provides that "[s]ervice shall be made ... [u]pon an officer ... of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer...." Compliance with Rule 4(d)(5) is mandatory. *See Light v. Wolf*, 816 F.2d 746, 748 n. 5 (D.C.Cir.1987). Rule 4(d)(4) governs service upon the United States. The rule requires "[d]elivery of a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and the mailing of a copy of these papers by registered or certified mail to the Attorney General of the United States...." *Light*, 816 F.2d at 748; *Kaiser*, 115 F.R.D. at 505.

In the case at bar, the U.S. Marshals Office served the U.S. Attorney's Office by certified mail, but never delivered a copy of the summons and complaint to the U.S. Attorney's Office by hand. Thus, the U.S. Marshals' failure to personally serve the U.S. Attorney's Office does not technically conform to Rule 4(d)(4). However, with regard to Rule 4(d)(4)'s personal service requirement, the D.C. Circuit has stated

that when "the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly." *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982) (no dismissal of *pro se* complaint because of misdelivery by U.S. Marshals Office).

Here, the necessary parties in the government have actual notice of the suit. The government received copies of the summons and complaint and defended itself against these claims in pretrial motions. Thus, the government suffers no prejudice from a technical defect in service. Finally, since the defect in service was due to an error of the U.S. Marshals Office in effecting personal service, there is justifiable excuse for the improper service given that plaintiff is a *pro se* litigant. Therefore, the factors laid out in *Jordan* appear to be satisfied under the facts at bar. Accordingly, although dismissal of the claims against defendants in their official capacities would be technically correct, in light of the factors laid out in *Jordan* and recent D.C. Circuit decisions regarding *pro se* litigants, dismissal on that ground would be inappropriate.