**Arnold Ray HUSKEY, Plaintiff,**

v.

**J. Michael QUINLAN, et al., Defendants.**

**Civ. A. No. 91–2269 (CRR).**

United States District Court,
District of Columbia.

Feb. 27, 1992.

Arnold Ray Huskey, pro se.

Jay B. Stephens, U.S. Atty., John D. Bates and Thomas S. Rees, Asst. U.S. Attys., Dist. of Columbia, for defendants.

1. Defendants in the above-captioned case are as follows: J. Michael Quinlan, Director of the BOP; P.R. Caine, Assistant Director of the BOP over Correctional Programs; G.L. Ingram, Assistant Director of the BOP over Correctional Programs, and later Co–Chairman of the Execu-

## ORDER

CHARLES R. RICHEY, District Judge.

Plaintiff in the above-captioned case is incarcerated in the United States Penitentiary in Marion, Illinois. Defendants are employees of the United States and hold various positions with the United States Bureau of Prisons ("BOP").[1] Plaintiff has filed a Complaint against Defendants in their official and individual capacities. In essence, the Complaint alleges that Defendants have misclassified Plaintiff under the terms of 28 C.F.R. § 524.72(h), resulting in indefinite segregated confinement, and further, that Defendants have intentionally conspired in violation of 42 U.S.C. § 1985(3) to establish a practice and pattern of discriminatory treatment against the group of inmates of which Plaintiff is a member. Now before this Court is Defendants' Motion to Dismiss this action. Upon further consideration of Defendants' Motion, Plaintiff's opposition thereto, the applicable law and the record herein, the Court shall grant Defendants' Motion to Dismiss regarding Plaintiff's claims against Defendants in their individual capacities pursuant to Federal Rule of Civil Procedure 12(b)(2), and shall order the remaining claims against Defendants in their official capacities to be transferred to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).

## CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Plaintiff seeks monetary damages from Defendants in their individual capacities on the basis of 42 U.S.C. §§ 1985 and 1986, as well as for violations of his constitutional rights under the Fifth and Eighth amendments. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In a *Bivens* claim, personal service of process upon the Defen-

tive Panel; Calvin Edwards, Regional Director of the North Central Regional Office and Co–Chairman of the Executive Panel; and L.E. DuBois, Regional Director of the North Central Regional Office and Co–Chairman of the Executive Panel. *See* Pltf. Complaint at 3–5.

dant is necessary to obtain personal jurisdiction over the Defendant in his or her individual capacity. *See Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C.1990). "The failure, therefore, to perfect individual service is fatal to a *Bivens* action." *Id.; see also Delgado v. Federal Bureau of Prisons*, 727 F.Supp. 24 (D.D.C.1989); *James v. United States*, 709 F.Supp. 257 (D.D.C. 1989).

Thus, the issue before this Court is whether the Defendants were properly served in their individual capacities. Federal Rule of Civil Procedure 4(d)(1) governs this issue and requires personal delivery of a copy of the summons and of the complaint upon each individual defendant.[2] Nothing in the record of this case reflects that any of the Defendants have been personally served. "Although Plaintiff is proceeding *pro se* and *in forma pauperis*, the U.S. Marshal technically should have proceeded under Rule 4(d)(1) and effected personal service on [D]efendants." *Pollack*, 737 F.Supp. at 667. Consistent with the court's holding in *Pollack*, this Court lacks personal jurisdiction over the Defendants in their individual capacities because they were not properly served. Accordingly, Plaintiff's *Bivens* claims must be dismissed for lack of personal jurisdiction. Fed. R.Civ.P. 12(b)(2).

## CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

 Defendants also challenge this Court's personal jurisdiction over the Defendants in their official capacities. Federal Rule of Civil Procedure 4(d)(5) governs service of process upon federal officials. Under Rule 4(d)(5), service "[u]pon an officer or agency of the United States (is made) by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Compliance with Rule 4(d)(5) is mandatory. *Light v. Wolf*, 816 F.2d 746, 748 n. 5 (D.C.Cir.1987). Service upon the United States is, in turn, governed by Rule 4(d)(4). That rule is satisfied "by delivering a copy of the summons and of the complaint to the United States Attorney ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States." In the instant case, Defendants assert that the Attorney General has not been served by certified mail as required, and therefore there is no personal jurisdiction over Defendants in their official capacities. *See* Def. Motion to Dismiss at 17.

The Court rejects this rigid analysis advanced by the Defendants. "Where the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4(d)(4) so rigidly." *Jordan v. United States*, 694 F.2d 833, 836 (D.C.Cir.1982). Here, despite the defect in service, the necessary parties in the government have actual notice of the suit. The government received copies of the summons and complaint and has defended itself against Plaintiff's claims through a pretrial Motion to Dismiss. It follows that the government suffers no prejudice from a technical defect in service. Finally, since the defect in service was due to an error of the United States Marshals Office, there is a justifiable excuse for the improper service. *See Pollack*, 737 F.Supp. at 667 n. 8. Accordingly, the defect in service will not result in dismissal of the claims against Defendants in their official capacities.

## VENUE

 The remaining issue for the Court's determination, therefore, is the proper locus for the Plaintiff's lawsuit against the Defendants in their official capacities. The applicable venue provision governing this case is 28 U.S.C. § 1391(e). Section 1391(e) provides, in relevant part, that a civil action in which each defendant is an officer or employee of the United States acting in his or her official capacity may be brought in any judicial district. *See* 28 U.S.C. § 1391(e); *Pollack*, 737 F.Supp. at 665 n. 6. Although venue is properly laid in the Dis-

---

**2.** Rule 4(d)(1) provides that service upon an individual shall be made "by delivering a copy of the summons and of the complaint to the individual personally ..."

trict of Columbia under § 1391(e), the Court finds that Plaintiff's claims should be transferred to Illinois pursuant to 28 U.S.C. § 1404(a).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An examination of the facts of each case is required prior to any decision on transfer under Section 1404(a). *See Starnes v. McGuire,* 512 F.2d 918, 925 (D.C.Cir.1974). The Court finds that interests of justice and the convenience of the parties are better served by transferring this case to the United States District Court for the Southern District of Illinois.

In the instant case, convenience dictates that Plaintiff's claims should be transferred to Illinois. Of utmost importance in this regard is the fact that Plaintiff is incarcerated in Illinois. "Many, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." *Starnes,* 512 F.2d at 926. One such factor includes the availability of the prisoner himself when it appears that testimony may be essential to the action. *Id.* Due to the difficulty of transferring a prisoner, compared to the relative ease with which federal officials can travel to the prison to give evidence, it is appropriate and efficient to have this suit heard in a District close the Plaintiff's place of incarceration. *See id.* at 927–28; *Phillips v. United States Board of Parole,* 352 F.2d 711, 716 (D.C.Cir.1965). Furthermore, this action "might have been brought" by Plaintiff in Illinois. Because Plaintiff may pursue his claims against Defendants in their official capacities in any judicial district, *see* 28 U.S.C. § 1391(e), Illinois is a permissible forum for Plaintiff's claims. It follows that transfer to Illinois is proper under Section 1404(a).

Plaintiff suggests that venue would be most convenient in the District of Columbia because most of the Defendants are em-ployed here and the violations of Plaintiff's rights occurred here. *See* Pltf. Response at 26–27. To the extent that Plaintiff's action can be taken to be concerned with federal prison policies formulated at the BOP's headquarters in Washington, D.C., the Court finds that such policy is not determinative in determining which is the appropriate venue under Section 1404. Although the "existence of a national policy issue ... is a factor to be considered by the district judge in determining whether transfer is appropriate under Section 1404(a)," *Starnes,* 512 F.2d at 929, Plaintiff principally takes issue with the conduct of individuals, not with the policies underlying that conduct. More specifically, because the *implementation* of policy is at issue, and because that implementation took place at the Marion facility in Illinois, venue is more appropriately laid in Illinois. *See Jones v. United States,* 560 F.Supp. 875, 876 (D.D.C.1983). Even assuming, *arguendo,* that a true national policy issue was before this Court, Plaintiff raises claims "related to his particular circumstances" which may likely "require[ ] evidence from himself and other persons better available in (Illinois)." *Starnes,* 512 F.2d at 929.

Accordingly, for the foregoing reasons, it is, by the Court, this 27th day of February, 1992,

ORDERED that Defendants' Motion to Dismiss the claims against Defendants in their personal capacities shall be, and hereby is, GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(2); and, it is,

FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's claims against Defendants in their official capacities shall be, and hereby is, DENIED; and, it is,

FURTHER ORDERED that the Plaintiff's remaining claims against Defendants in their official capacities shall be, and hereby are, transferred to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).