9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David R. WATSON, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary, U.S. Department of the
Treasury, Defendant-Appellee.
 No. 92-6304.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1993.
 
 Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff David R. Watson appeals the order dismissing his job discrimination action for failure to effectively serve the proper parties pursuant to Fed.R.Civ.P. 4 ("Rule 4"). On July 25, 1991, plaintiff filed his action pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Civil Service Reform Act of 1978, 5 U.S.C. § 7701, et seq. On December 20, 1991, defendant Nicholas F. Brady, as Secretary of the United States Department of the Treasury, filed a motion to dismiss. On March 4, 1992, plaintiff filed a motion for an order extending the time for service of process upon the Attorney General, and for the tolling of the statute of limitations for filing the action. On March 5, 1992, the district court granted the motion to dismiss. For the following reasons, we AFFIRM the district court's order.
 
 I.
 
 2
 Plaintiff was terminated as a Special Agent of the United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms on June 3, 1988. He filed an administrative claim with the United States Merit System's Protection Board ("MSPB"). On June 21, 1991, the MSPB dismissed the action. On June 24, 1991, the final order was delivered to plaintiff's address and signed for by Diane Dahler, who had been designated to receive and forward plaintiff's mail. Plaintiff then filed this action on July 25, 1991, one day after the thirty-day statute of limitations had run. See 5 U.S.C. § 7703(b)(2).
 
 
 3
 The summons and complaint were served on the Secretary of the Department of the Treasury in accordance with Rule 4, that is, within 120 days after the complaint was filed, but the Attorney General and the United States Attorney ("USA") were not served within 120 days in accordance with the rule. As a result, plaintiff failed to effect service within the statutorily-mandated 120 days. Accordingly, the district court granted defendant's motion to dismiss.
 
 II.
 
 4
 An employment discrimination complaint against the federal government under Title VII must be filed within thirty days of receipt of notice of final action taken. 42 U.S.C. § 2000e-16(c);[1] 5 U.S.C. § 7703(b)(2). However, the thirty-day limitation period is subject to principles of equitable tolling. Irwin v. Veterans Administration, 498 U.S. 89 (1990). Generally, equitable tolling is proper where there are "fortuitous circumstances beyond [the claimant's] control." See Espinoza v. Missouri Pacific R.R., 754 F.2d 1247, 1251 (5th Cir.1985).
 
 
 5
 In its order, the MSPB advised plaintiff of his right to judicial review by stating:
 
 
 6
 You should file your civil action with the district court no later than 30 calendar days after receipt of this order by your representative, if you have one, or receipt by you personally, whichever receipt occurs first. See 5 U.S.C. § 7703(b)(2).
 
 
 7
 The notice was delivered to the address provided by plaintiff to the MSPB and was signed for and delivered by Dahler to him within a few days. Thus, plaintiff was aware of his right to challenge the MSPB's final order well before the statute of limitations lapsed. Nonetheless, plaintiff did not file his action until July 25, 1991, which was one day outside the thirty-day limitations period. Although plaintiff's action was only one day late, no "fortuitous circumstances" were presented to justify equitable tolling. See Hilliard v. United States Postal Serv., 814 F.2d 325 (6th Cir.1987). Thus, plaintiff failed to file his action within the statutory time period.
 
 III.
 
 8
 Rule 4(d)(5) requires that service be effectuated upon an officer or agency of the United States by serving the United States in accordance with Rule 4(d)(4) and by sending a copy of the summons and complaint by registered or certified mail to such officer or agency. Rule 4(d)(4) provides that the United States shall be served by delivering a copy of the summons and complaint to the USA and by sending a copy of the summons and the complaint by registered or certified mail to the United States Attorney General. Strict compliance with the service requirements is mandatory. See Light v. Wolf, 816 F.2d 746, 748 n. 5 (D.C.Cir.1987). Failure to adhere to the rules generally results in dismissal of the complaint. See George v. United States Dep't of Labor, O.S.H.A., 788 F.2d 1115, 1116 (5th Cir.1986). Rule 4(j) indicates that dismissal is not left to the general discretion of the district court, but is mandatory unless good cause for noncompliance is established by a plaintiff. McDonald v. United States, 898 F.2d 466, 468 (5th Cir.1990).
 
 
 9
 Plaintiff failed to effect personal service on the USA in accordance with the rules, and failed to serve the Attorney General as required. Plaintiff's counsel argues that, to the best of his knowledge, service had been effected on all necessary parties. He claims that he was unaware of any problem until a December 11, 1991, hearing, which occurred several days after the 120-day limitation period had run. Nevertheless, even though plaintiff learned of the deficiencies, the USA was not properly served until January 23, 1992, followed by service on the Attorney General on February 14, 1992. As a result, plaintiff's inadvertence or mistake of counsel or ignorance of the rules did not constitute good cause for delay and could not excuse the failure to timely and effectively comply with Rule 4.
 
 
 10
 Finally, plaintiff contends that the ineffective service was "craftily" disguised by the court's scheduling of a pre-trial conference and the government's failure to notify plaintiff's counsel of the defective service. However, district courts routinely set scheduling conferences after a certain passage of time after the filing of a complaint. See Fed.R.Civ.P. 16. Therefore, the district court properly dismissed the case for failure to comply with Rule 4(j).
 
 IV.
 
 11
 For either alternative reason, the district court's order is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 This limitation was amended, effective on November 21, 1991, to extend the time for filing to 90 days, but it is inapplicable here