**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
WALTER SAMPSON,               )
                              )
          Plaintiff,          )
                              )
          v.                  )    Civil Action No. 12-1933 (RWR)
                              )
D.C. DEPARTMENT OF            )
CORRECTIONS,                  )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Walter Sampson, a corrections officer employed by the defendant District of Columbia Department of Corrections ("DOC"), filed a one-count amended complaint against the DOC alleging disability discrimination in violation of the Americans with Disabilities Act of 1991 ("ADA"), 42 U.S.C. § 12111 et seq. The DOC moves to dismiss Sampson's amended complaint for naming a defendant that cannot be sued and for untimely service of process upon the defendant. Because service of process was timely and the District of Columbia can be substituted as the defendant, the motion will be denied.

## BACKGROUND

The amended complaint alleges the following facts. The DOC hired Sampson as a corrections officer in January 2000. Am. Compl. ¶ 6. In August 2006, an inmate threw feces into Sampson's face. Sampson was later diagnosed by a psychiatrist, Dr. David Fischer, with post-traumatic stress disorder and

permanently restricted to light duty without inmate contact. In December 2007, Dr. Bruce Smoller conducted an independent medical examination of Sampson, and he also concluded that Sampson should have no direct contact with inmates. Id. ¶¶ 7-9. Sampson returned to work in September 2008. He was assigned to a light duty position escorting contractors to their work sites, a position that did not involve contact with inmates. In December 2008, Sampson was assigned to another position that did not require inmate contact. However, on January 2, 2009, Sampson was reassigned to a position at the Central Detention Facility at the District of Columbia jail, where he would transport inmates from the jail to Southeast Hospital, or transport inmates from halfway houses to the jail. Dr. Fisher did not approve of this assignment. Id. ¶¶ 10-13. Dr. Fisher treated Sampson on January 6, 2009, and informed Sampson that he was a danger to himself and others and not fit for duty. Sampson was admitted for in-patient treatment to the Washington Hospital Center on February 23, 2009 for "depression and suicidal tendencies." He was discharged on March 2, 2009, but continued weekly sessions with Dr. Fisher through September 2009. Id. ¶¶ 14-15.

According to the amended complaint, in March 2009, the DOC "denied reinstatement" of Sampson's temporary total disability benefits. Am. Compl. ¶ 16. In September 2009, the District's Office of Workers' Compensation Office found that Sampson

incurred a work-related injury based upon his January 2009 reassignment. In September 2011, the EEOC determined that the DOC violated the ADA when it stopped accommodating his disability. Id. ¶ 17.

Sampson filed the original complaint in this action on November 29, 2012. He filed his amended complaint on March 26, 2013 alleging that the DOC denied him a reasonable accommodation in violation of the ADA by removing him from a position where he did not have contact with inmates. Am. Compl. ¶¶ 18-19. The DOC has since moved to dismiss Sampson's amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the DOC lacks the capacity to be sued, and under Rule 4(m), arguing that Sampson failed to serve the complaint within 120 days. Sampson opposes dismissal, arguing that the complaint was timely served, and seeking leave to amend his complaint again by substituting the District for the DOC as a defendant.

DISCUSSION

"'A complaint can be dismissed under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'" Howard Univ. v. Watkins, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting Peavey v. Holder, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))). Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a

complaint.  Smith-Thompson v. Dist. of Columbia, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its face." . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  "The complaint must be construed in the light most favorable to the plaintiff and 'the court must assume the truth of all well-pleaded allegations.'"  Watkins, 857 F. Supp. 2d at 71 (quoting Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004)).

A motion dismiss for "failure to properly serve process may be granted when a plaintiff fails to 'demonstrate that the procedure employed satisfied the requirements of Rule 4 and any other applicable provision of law.'"  Brookens v. United States, Civil Action No. 12-502 (RWR), 2013 WL 5518903, at * 3 (D.D.C. October 7, 2013) (quoting Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)).  After a motion to dismiss for insufficient process is filed, "the plaintiff is obligated to establish that he has properly effected service."  Brookens, 2013 WL 5518903, at *3 (citing Strong-Fischer v. Peters, 554 F. Supp. 2d 19, 23 (D.D.C. 2008)).

## I.   DOC

The DOC moves to dismiss Sampson's amended complaint in its entirety arguing that the DOC, as an agency of the District of Columbia, lacks the capacity to be sued.  Def.'s Mem. in Supp. of Mot. to Dismiss, at 3-4.  When a plaintiff erroneously names as a defendant a District of Columbia agency instead of the District of Columbia itself, a court may substitute the District as a defendant for its agency.  See Hunter v. D.C. Child & Family Servs. Agency, 710 F. Supp. 2d 152, 157 (D.D.C. 2010) (citing Ennis v. Lott, 589 F. Supp. 2d 33, 37 (D.D.C. 2008)).  Therefore, the defendant's motion to dismiss the complaint against the DOC will be construed as a motion to substitute the District of Columbia for the DOC as the defendant.  See Bennett v. Henderson, Civil Action No. 10-1680 (RWR), 2011 WL 285871, at * 1 (D.D.C. January 28, 2011) (construing motion to dismiss as one for substitution, and substituting the District of Columbia for the District of Columbia Public Schools as defendant).  Accordingly, the District of Columbia will be substituted for the DOC as the defendant in this action, and the amended complaint will be construed as one alleging claims against the District of Columbia.

## II.   TIMELY SERVICE

The DOC next moves to dismiss Sampson's amended complaint because, according to the DOC, Sampson failed to comply with Rule

4(m)'s requirement that a plaintiff serve a complaint within 120 days after it was filed. Def.'s Mem. in Supp. of Mot. to Dismiss, at 4-5. Service of the complaint must be effected "within 120 days after the complaint is filed" unless "the plaintiff shows good cause for the failure" to meet this deadline. Fed. R. Civ. P. 4(m); see also Strong-Fischer v. Peters, 554 F. Supp. 2d 19, 23 (D.D.C. 2008) (holding that plaintiffs carry the burden of showing good cause for failure to meet the deadline). Here, the docket reflects that the original complaint was filed on November 29, 2012, and that the amended complaint was served on the District 119 days later, on March 28, 2013. See docket entries # 6, # 7. Accordingly, service was timely, and the District's motion will be denied.

                    CONCLUSION AND ORDER

Sampson timely served the amended complaint, but because the DOC is non sui juris, the District of Columbia will be substituted for the DOC as the defendant. Therefore, it is hereby

ORDERED that the District of Columbia be, and hereby is, SUBSTITUTED for DOC as a defendant, and the defendant's motion [8] to dismiss be, and hereby is, DENIED.

SIGNED this 4th day of March, 2014.

                                        /s/
                                RICHARD W. ROBERTS
                                Chief Judge