**Daniel DEPEW, Plaintiff,**

v.

**Kathleen M. HAWK, Director, Federal Bureau of Prisons, and Keith Olson, Warden, FCI–Beckley, Defendants.**

**CA No. 98–10073–JLT.**

United States District Court,
D. Massachusetts.

March 25, 1998.

Mel Dahl, Fall River, MA, for Daniel Depew, Plaintiff.

Susan M. Poswistilo, United States Attorney's Office, Julie S. Schrager, Assistant U.S. Attorney, Boston, MA, for Kathleen M. Hawk, Keith Olson, Defendants.

*MEMORANDUM*

TAURO, Chief Judge.

This case involves allegations that prison officials opened and read privileged, attorney-client communications addressed to Plaintiff, Daniel Depew, in violation of his Sixth Amendment rights and a federal statute. Specifically, Plaintiff's attorney, Mel Dahl, claims that he suspected prison officials were opening mail marked "legal mail—open in presence of addressee only," so he decided to conduct a "test." Subsequently, he sent Plaintiff two letters in rapid succession, the first letter warning that the second would indicate that it contained attorney-client privileged information, but would, in fact, contain only magazines. Upon receiving the second letter, prison officials opened it and suspended Attorney Dahl's legal correspondence privileges for one year pursuant to 28 C.F.R. § 543.13.

## I.

### PROCEDURAL BACKGROUND

Plaintiff filed his complaint in this action on January 16, 1998 and simultaneously moved for a preliminary injunction. Defendants Kathleen Hawk and Keith Olson responded on January 30, 1998 by filing a motion to dismiss the complaint.[1] The court held a hearing on February 3, 1998, at which time it took Plaintiff's Motion for a Preliminary Injunction under advisement and ordered the parties to brief the jurisdiction and venue issues raised by Defendants' motion to dismiss the complaint.

Since that hearing, Plaintiff has filed a Motion to Amend the Complaint and a Motion to Dismiss Defendant Olson. If allowed, the Motion to Amend the Complaint would add Attorney Dahl, Plaintiff's attorney, as a party to this action.

## II.

### ANALYSIS

Because of their interrelatedness, an analysis of these pending motions must proceed in steps.[2]

A. *Plaintiff's Motion to Amend the Complaint*

The court first addresses Plaintiff's Motion to Amend the Complaint, because its resolution greatly impacts the jurisdiction and venue questions presented by this case. Unfortunately, Plaintiff's counsel does not explain, either in the Motion to Amend the Complaint or in his response to Defendants' Motion to Dismiss, why he believes that he is a proper party to this action. The Government, on the other hand, contends that he is not. The court sides with the Government.

The proposed, amended complaint alleges violations of the Sixth Amendment, presumably the right to have the assistance of counsel, and the regulations governing "special mail" communications. *See* 28 C.F.R. § 543.18 *et seq.* But, as the Sixth Amendment clearly states, the right to have the assistance of counsel belongs to the accused. It does not belong to his counsel. U.S. Const. Amend. VI. As such, damages arising from any violation of that right belong to Mr. Depew, not Attorney Dahl.

Likewise, the alleged statutory violation stems from the right of an inmate to receive privileged, attorney-client communications in confidence. The law is well-settled, however, that the attorney-client privilege belongs to the client and not his attorney. *Chirac v. Reinicker*, 24 U.S. 280, 294, 11 Wheat. 280, 6 L.Ed. 474 (1826); *In re Grand Jury Subpoena*, 925 F.Supp. 849, 853 (D.Mass.1995). As with the Sixth Amendment, therefore, any damages arising from the violation accrue to Mr. Depew, not Attorney Dahl.

In short, because there is no case or controversy alleged between Attorney Dahl and the Bureau of Prison, the court denies Plaintiff's Motion to Amend the Complaint. Attorney Dahl is *not* a proper party to this action.

B. *Defendants' Motion to Dismiss the Complaint*

Even having dismissed Defendant Olson and denied Plaintiff's Motion to Amend the

---

1. Defendant Kathleen Hawk is the Director of the Federal Bureau of Prisons and Defendant Keith Olson is the Warden at FCI–Beckley, where Plaintiff is confined.

2. Having received no opposition, Plaintiff's Motion to Dismiss Defendant Olson is allowed without further discussion.

Complaint, there are still two parts to the jurisdiction and venue analysis.

1. *Suit against Defendant Hawk in her individual capacity: A problem of personal jurisdiction .*

▆ Because Plaintiff seeks monetary damages for a violation of his constitutional rights, this action must be deemed to arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Although Defendant Hawk is named in her official capacity in the complaint, *see* Complaint, at p. 2, the law is clear that an action brought under *Bivens* can be maintained against the defendant only in the defendant's individual capacity. *FDIC v. Meyer,* 510 U.S. 471, 473, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

This court, however, lacks personal jurisdiction over Defendant Hawk in her individual capacity. Defendant Hawk both resides and works outside the Commonwealth of Massachusetts, and Mr. Depew has made no allegation that she took any steps against him within the District. Moreover, Mr. Depew has made no allegation that Defendant Hawk has had the necessary "minimum contracts" with the District of Massachusetts to warrant long-arm jurisdiction.[3] *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This court cannot, therefore, exercise jurisdiction over Plaintiff's claim for monetary relief.

2. *Suit against Defendant Hawk in her official capacity: A problem of venue*

▆ To the extent that Plaintiff seeks injunctive relief, however, this suit may be maintained against Defendant Hawk in her official capacity. *See Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). But, without the addition of Attorney Dahl, venue is *not* proper in the District of Massachusetts.

The applicable venue statute, 28 U.S.C. § 1391(e), provides that:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in [her] official capacity . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) the plaintiff resides, if no real property is involved in the action.

28 U.S.C. § 1391(e) (1993).

Defendant Hawk is a resident of the State of Maryland. Furthermore, a substantial part of the events giving rise to Plaintiff's claim did not occur in Massachusetts.[4] Indeed, all of the events giving rise to this action occurred at FCI–Beckley, the federal facility where Mr. Depew is confined, located in the Southern District of West Virginia.

Accordingly, pursuant to 28 U.S.C. § 1406(a), this court must either dismiss this action, or, in the interest of justice, transfer it to a district where it could have been brought originally. 28 U.S.C § 1406(a) (1993). Although venue is proper in either the District of Maryland or the Southern District of West Virginia, the court finds that, in the interest of justice, this case shall be transferred to the Southern District of West Virginia.

III.

CONCLUSION

For the foregone reasons, the court: (1) ALLOWS Plaintiff's Motion to Dismiss Defendant Olson; (2) DENIES Plaintiff's Motion to Amend the Complaint; and (3) TRANSFERS this case to the Southern District of West Virginia. Furthermore, the court DENIES without prejudice Plaintiff's Motion for a Preliminary Injunction. Plain-

---

**3.** Massachusetts' long-arm statute, M.G.L. c. 223A, § 3, specifies certain acts which subject a person to long-arm jurisdiction. None of the acts specified applies here.

**4.** In cases involving the opening of an inmate's legal mail, courts have found that venue is proper in the district where the act of opening the mail occurred. *See Kalka v. Megathlin,* 1995 WL 23932 (N.D.Cal. January 17, 1995); *Jones v. United States,* 560 F.Supp. 875 (D.D.C.1983).

tiff may renew this motion upon the completion of the transfer of venue.