**MILLER–HOLZWARTH, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Optex Systems, Inc., Intervenor.**

**No. 98–576C.**

United States Court of Federal Claims.

May 7, 1999.

Everett C. Johnson, Jr., Washington, DC, for plaintiff.

Marshall J. Doke, Jr., Dallas, TX, for intervenor. Neil E. Cannon, III and William G. Whitehill, Gardere & Wynne, of counsel.

William G. Kanellis, Washington, DC, with whom was Acting Assistant Attorney General David W. Ogden, for defendant.

### ORDER

MILLER, Judge.

On April 9, 1999, Miller–Holzwarth, Inc. ("plaintiff"), filed its motion and supporting brief to keep under seal "through the final disposition of any potential appeal," Plf's Br. filed Apr. 9, 1999, at 2, the court's opinion issued March 30, 1999, which imposed sanctions on plaintiff and its counsel. *Miller–Holzworth, Inc. v. United States*, No. 98–576C (Fed.Cl. Mar. 30, 1999). Plaintiff reasons that "[t]here can be no doubt, given the substance and tenor of the Court's March 30, 1999 opinion, that the public release of that opinion at this time will cause both enormous and irreparable harm to [plaintiff], its President, and counsel for [plaintiff]." *Id.* Plaintiff contends that delaying the public release of the opinion does not harm anyone. In addition, plaintiff notes that "the potential for injury to [plaintiff's] previous attorney of record is made greater in light of the fact that the Court's March 30, 1999 opinion imposes sanctions on counsel notwithstanding the fact that the moving party, . . . Optex Systems, Inc. [ ("intervenor") ], did not seek such sanctions." *Id.* Plaintiff asks to be heard on this motion.

■ The Court of Federal Claims recognizes the "long-standing common law right of public access to judicial records." *Pratt & Whitney Canada, Inc. v. United States*, 14 Cl.Ct. 268, 272 (1988) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)):

> This common law right enables the public to review court records, and public access to court records is essential to the preservation of our system of self-government. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1066–70 (3rd Cir.1984).
>
> "As James Madison warned, '[a] popular Government without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy: or perhaps both.' " [*United States v.*] *Mitchell*, 551 F.2d [1252], 1258 [(D.C.Cir.1976)].

As part of our Government, courts are subject to public scrutiny and "[t]here is no special perquisite [sic] of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it." *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947).

*Pratt & Whitney*, 14 Cl.Ct. at 273. Consistent with this common law right, Congress has mandated that "[a]ll decisions of the Court of Federal Claims shall be preserved and open to inspection." 28 U.S.C. § 174 (1994).

■ Discretion is afforded the trial court to determine whether the circumstances warrant overcoming the common law right of public access to judicial records; however, "that discretion is circumscribed by the presumption that the public shall have access to those records absent a compelling justification for sealing." *Pratt & Whitney*, 14 Cl.Ct. at 274; *see also In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992) (requiring "rigorous justification" for any step that withdraws element of judicial process from public view); *Black v. United States*, 24 Cl.Ct. 461, 463–64 (1991) (recognizing "compelling justification" standard). A trial court must set forth substantial reasons for denying access to its records. *See United States v. Beckham*, 789 F.2d 401, 413 (6th Cir.1986). Assuming that the court's March 30, 1999 opinion is reversed, it is the "enormous injury to the reputations of plaintiff and its counsel" that plaintiff seeks to avoid by its motion to keep the opinion under seal. Plf's Br. filed Apr. 9, 1999, at 3. Harm to reputation, however, does not constitute the type of "compelling justification" that must be present to deny the public's access to judicial records:

> In the instant case, the common law right of access is not overcome on the basis of privacy or potential harm to [plaintiff's] or its counsel's professional reputations. Plaintiff and its counsel are not victims of a crime, innocent third parties or protected by a specific statutory privacy right.

*Pratt & Whitney*, 14 Cl.Ct. at 276 (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476–77 (6th Cir.1983)). Although the

public's right of access to judicial records is not absolute, *see Nixon*, 435 U.S. at 598, 98 S.Ct. 1306, plaintiff does not cite to any authority for the proposition that harm to reputation, potential or otherwise, (1) satisfies the standard required for the suppression of an opinion from public release, or (2) outweighs the public policy of maintaining the public's right of access to judicial records.

▪ Plaintiff makes a poor analogy by comparing its motion to continue the seal to a stay of execution of judgment pending appeal. When considering any motion to stay pending appeal under RCFC 62(c), the court will consider four factors: "(1) a strong likelihood that the movant will prevail on the merits of the appeal; (2) irreparable injury to the movant unless the stay is granted; (3) no substantial harm to the other parties if the stay is granted; and (4) consideration of the public interest." *Aerolease Long Beach v. United States*, 31 Fed.Cl. 342, 373, *aff'd*, 39 F.3d 1198, 1994 WL 572795 (Fed.Cir.1994) (Table). " '[A] stay pending appeal is always an extraordinary remedy.' " *Golden Eagle Ref. Co. v. United States*, 4 Cl.Ct. 622, 624 (1984) (quoting *Brotherhood of Ry. & S.S. Clerks, Freight Handlers, Express & Station Employees v. National Mediation Bd.*, 374 F.2d 269, 275 (D.C.Cir.1966)). Beyond mere conclusory allegations and supposition, plaintiff's motion makes no attempt to demonstrate that the instant facts are subject to any of the four factors.

The court finds curious plaintiff's contention that sanctions imposed *sua sponte* are somehow more injurious than the imposition of sanctions precipitated upon the motion of a party. Plaintiff was afforded the opportunity to submit two briefs, the first in opposition to intervenor's motion for sanctions and the second in opposition to defendant's brief supporting intervenor's motion for sanctions. Defendant stated:

As demonstrated above, in this instance plaintiff went too far. Its shifting assertions bound it and its counsel to factual and legal positions that, no matter how interpreted, compel the imposition of sanctions against them. We respectfully request that the Court give substance to the language and purpose of Rule 11, and hold MHI and its counsel accountable for their declarations.

Def's Br. filed Feb. 16, 1999, at 20. This statement, without question, implicated the conduct of plaintiff's counsel. Plaintiff does not contend that it lacked sufficient notice that an opposing party had brought the conduct of plaintiff's counsel within the rubric of Rule 11. Indeed, in Plaintiff's Response to Defendant's February 16 Filing, filed Feb. 26, 1999, at 8–10, plaintiff addressed expressly the points pressed by defendant supporting the imposition of sanctions against plaintiff's counsel. Plaintiff was on notice of defendant's request, responded to defendant's arguments, yet did not request oral argument.* Even assuming that the sanctions against plaintiff's counsel were issued *sua sponte*, the court's power to award attorney's fees *sua sponte* is authorized by both statute and rule. *See* 28 U.S.C. § 2521(b)(2) (1994) (permitting court "to punish by fine or imprisonment, at its discretion, such contempt of its authority" as "misbehavior of any of its officers in their official transactions"); RCFC 11 (permitting court to impose sanctions "upon motion or upon its own initiative").

Finally, the court should point out that keeping the merits and sanctions opinions under seal was intended to further the parties' protective order and for no other purpose. Plaintiff has submitted no deletions for the latter. Therefore, given the strong policy concerns urged by intervenor and defendant and the case law to the same effect, inadequate justification has been presented to maintain the sanctions opinion under seal.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED** as follows:

1. Plaintiff's motion to keep under seal the court's opinion in *Miller–Holzwarth, Inc. v. United States*, No. 98–576C (Fed.Cl. Mar. 30, 1999), is denied for the reasons stated above, as well as the grounds advanced by intervenor and defendant in their briefs.

---

* A request for oral argument is not binding on the trial court. *See* RCFC 77.1(a).

2. Plaintiff's request for oral argument is denied pursuant to RCFC 77.1(b)(2).

3. Plaintiff's motion pursuant to RCFC 81(3)(d) for the substitution of Everett C. Johnson, Jr., as attorney of record for David R. Hazelton in the above-captioned matter is granted as unopposed.

4. Plaintiff's motion for the admission of Richard P. Bress and Alan M. Rauss under the court's protective order in effect in the above-captioned matter is granted as unopposed.