# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 07-293V
Filed: August 19, 2013

| | | |
|---|---|---|
| ************************************ | | TO BE PUBLISHED |
| C.S. | * | |
| | * | Special Master Zane |
| Petitioner, | * | |
| | * | |
| | * | Redaction; Petitioner's Privacy |
| v. | * | Interest in Name; Clearly |
| | * | Unwarranted Invasion of Privacy; |
| | * | Public Interest in Vaccine |
| SECRETARY OF HEALTH | * | Information |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| ************************************ | | |

## ORDER GRANTING PETITIONER'S MOTION TO REDACT[1]

This matter is before the undersigned on Petitioner's Motion to Redact. Following the issuance of a decision based on the parties' stipulation finding Petitioner entitled to compensation, Petitioner filed a motion to redact his name and substitute it with his initials pursuant to 42 U.S.C. § 300aa-12(d)(4)(B) of the National Childhood Vaccine Injury Act ("Vaccine Act"), as amended, 42 U.S.C. §§ 300aa-1, *et seq.*[2] The Vaccine Act's Vaccine

---

[1]Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). The decisions of the special master will be made available to the public with the exception of those portions that contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the special master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

[2] Part 2 of the Vaccine Act established the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through § 300aa-34 (2006) ("Vaccine Program").

1

Program was designed to award compensation to individuals who have shown they have suffered injuries as a result of vaccines. The nature of the claim itself requires the disclosure and consideration of detailed medical information regarding the petitioner. Petitioner seeks to redact his name, claiming that disclosure of his name linked to his medical conditions will result in a clearly unwarranted invasion of his privacy interest. Respondent argues that Petitioner has failed to show a sufficient basis for redaction of his name. Upon consideration of the parties' positions and based on controlling legal authority, as set forth below, Petitioner's motion to redact is hereby **GRANTED**.

## BACKGROUND

Petitioner, C.S., filed his petition on May 9, 2007. Petitioner alleged that he sustained Guillain-Barré Syndrome ("GBS") that was caused-in-fact by his receipt of multiple vaccinations[3] received between August 19, 2004 and November 4, 2004, vaccines that are contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a). Subsequently, the parties entered into a stipulation settling the claim. Pursuant to that stipulation, on January 23, 2013, the special master entered the Decision, which awarded Petitioner compensation.

On January 24, 2013, Petitioner filed a timely motion to redact requesting his name be redacted, with his initials substituted, from the decision before publication. Petitioner made this request due to privacy concerns relating to his profession. Petitioner stated that he feared disclosure of his name as linked to the stated medical conditions could potentially jeopardize his career and effectiveness in the classroom with his students and students' parents. Petitioner's Motion to Redact ¶ 7.

In response, Respondent asserted Petitioner had provided insufficient support for his redaction request. Respondent argued that Petitioner had provided little in terms of explaining how release of his name potentially could cause the consequences Petitioner fears, that is, jeopardize his career and interfere with his ability to perform his job.

Petitioner did not file a Reply to Respondent's Opposition. This matter is now before the special master for decision.

---

[3] Petitioner received tetanus-diptheria ("Td") and meningococcal vaccines on August 19, 2004. Petitioner received measles, mumps, and rubella ("MMR") and hepatitis A and hepatitis B vaccines on September 3, 2004. Petitioner received inactivated polio ("IPV") and hepatitis A and hepatitis B vaccines on November 1 and November 4, 2004.

## DISCUSSION

### A. Congress Intended the Vaccine Act to Protect the Privacy Interests of Individuals By Exempting Personal Information From Disclosure.

To decide Petitioner's request to redact, it is critical to consider the pertinent statutory provisions of the Vaccine Act. Petitioner's motion to redact was filed pursuant to 42 U.S.C. § 300aa–12(d)(4)(B). That provision states that "[a] decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information. . . .which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. . . .[I]f the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information." *See also* Vaccine Rule 18(b) (which mirrors the language of 42 U.S.C. § 300aa–12(d)(4)(B)).

Section 12(d)(4) of the Vaccine Act creates an exception to the general principles governing public disclosure of judicial records and judicial decisions. Both the common law and statutes reflect the strong presumption favoring public access to judicial records and proceedings. *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598–99 (1978). As has been recognized, "[t]his common law right enables the public to review court records, and public access to court records is essential to the preservation of our system of self-government." *Miller–Holzwarch, Inc. v. United States,* 44 Fed. Cl. 153, 154 (1999); *see also Reidell v. United States,* 47 Fed. Cl. 209, 212 (2000) (the public has "ownership of the work of its public officials, including its judges.").

And, consistent with this principle of public disclosure of judicial records, the E–Government Act was passed by Congress in 2002. It instructs all federal courts to establish and maintain a website with "[a]ccess to the substance of all written opinions issued by the court." E–Government Act of 2002, Pub.L. No. 107–347, § 205(a)(5), 116 Stat 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2006)).

But, despite this goal of ensuring public disclosure of judicial records, it is also recognized that privacy interests in judicial records must be protected. As a result, in connection with enactment of the E–Government Act, the United States Court of Federal Claims adopted Rule 5.2. This rule provides for the redaction of certain personal information, *i.e.,* an individual's social security number, taxpayer-identification number, birth date, financial account number, or the name of a minor, from a published decision. RCFC 5.2(a). In so doing, Rule 5.2 recognizes the need to protect the privacy interests of individuals while providing for public disclosure of judicial records.

In enacting the Vaccine Act, Congress explicitly recognized the need to protect the privacy interests of individuals filing these cases. In addition to subsection (B) of 42 U.S.C. § 12(d)(4), providing for redaction of personal, private information from decisions, subsection (A) prohibits disclosure of all information submitted in a matter to anyone other than a party to the matter absent express, written consent of the party. 42 U.S.C. § 12(d)(4)(A). In enacting this

3

provision, Congress recognized that the records in Vaccine Act cases contained very personal information about an individual, *e.g.,* information about an individual's medical conditions and physical impairments. By enacting Section 12(d)(4), Congress made clear that this highly personal information regarding an individual's medical conditions should be protected from disclosure to the public. The special master must now consider whether this Congressional intent to protect such information includes redaction of the individual's name under the circumstances in this case.

**B. Because the Language and Underlying Purposes of the Vaccine Act's Redaction Provisions Are the Same as Those of the Freedom of Information Act (FOIA), The Interpretation of the FOIA Provisions Are Instructive.**

Although through Section 12(d)(4) of the Vaccine Act Congress made clear its intent to protect a claimant's personal privacy interests, it did not explicitly identify or enumerate the particular interests that were to be protected. As such, to interpret this provision, the special master looks to principles governing statutory construction. Pursuant to such principles, one source of interpretation of the redaction provision is the interpretation accorded to other statutes with similar language and purposes. As has been established, "where two statutes use similar language we generally take this as a 'strong indication that [they] should be interpreted *pari passu.*'" *W.C. v. Sec'y of Health & Human Servs.,* 100 Fed. Cl. 440, 458 (2011) (quoting *Smith v. City of Jackson,* 544 U.S. 228, 260 (2005)); *see also Northcross v. Bd. Of Ed. of Memphis City Schools,* 412 U.S. 427, 428 (1973) (interpreting part of desegregation statute *in pari passu* with the Civil Rights Act of 1976 because they used the same language and had a common purpose).

In enacting the Vaccine Act's redaction provision relating to decisions, Congress used the same language it had used in another act which exempted from disclosure personal, privacy information, *i.e.,* the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* (FOIA). FOIA was enacted to ensure that government information would be disclosed to the public. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). At the same time, FOIA also recognized the need to protect certain information from disclosure and made such information exempt from disclosure. Exemption 6 of FOIA, 5 U.S.C. § 552(b)(6), contains the same language as Section 12(d)(4)(B) of the Vaccine Act. Exemption 6 of FOIA provides that "matters that are. . .medical files and similar files the disclosures of which would constitute a clearly unwarranted invasion of personal privacy. . ." are exempt from disclosure.

And, the disclosure provisions of FOIA and the Vaccine Act share common purposes. Just as common law and the E-Government Act recognize the presumption that judicial decisions should be publicly disclosed, FOIA was enacted to ensure that there would be public disclosure of executive branch documents, including agency decisions. *Ray*, 502 U.S. at 173. And, just as the purpose of FOIA's Exemption 6, 5 U.S.C. § 552(b)(6), is to protect a person's privacy interest in personal information and exempt such information from disclosure, the purpose of Section 12(d)(4)(B) of the Vaccine Act, 42 U.S.C. § 300aa-12(d)(4)(B), is to protect a person's privacy interest in personal information and exempt such information from disclosure.

That the same language has been used in the Vaccine Act and FOIA and that the two share a common purpose is instructive. *W.C.,* 101 Fed. Cl. at 460. Because the language of the provisions exempting personal privacy information from disclosure in the Vaccine Act and FOIA are identical, they are subject to the same interpretation.

Thus, to understand and interpret the Vaccine Act's redaction provisions, it is appropriate to look at the interpretation accorded Exemption 6 of FOIA. Under Exemption 6 of FOIA, to decide whether disclosure is a clearly unwarranted invasion of personal privacy, the privacy interest that would be compromised by disclosure must be balanced against any public interest in the requested information. *NARA v. Favish,* 541 U.S. 157, 171 (2004)(term unwarranted requires balance of privacy interest against public interest in disclosure); *Multi Ag Media LLC v. U.S. Dep't of Agriculture,* 515 F.3d 1224, 1228 (D.C. Cir. 2008) (same). Generally, privacy interests cognizable under FOIA are found to exist in such personal identifying information as a person's name. *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 600 (1982).[4] The Supreme Court has noted that "the invasion of privacy becomes significant when the personal information is linked to particular people." *W.C.,* 100 Fed. Cl. at 460 (quoting *Ray,* 502 U.S. at 176).

At the same time, the Supreme Court has narrowly defined the "public interest" to be balanced under FOIA's Exemption 6. The Court has stated that the public interest to be served is defined as the extent to which disclosure would contribute significantly to the public understanding of the operations or activities of the government, a core purpose of FOIA. *U.S. Dep't of Defense v. Federal Labor Relations Authority,* 510 U.S. 487, 495 (1994).

In applying this balancing of the individual's personal privacy interest against the government's interest in making public an understanding of its operations in the FOIA context, courts have routinely redacted the identities of individuals from the documents and released the remainder of the document. *See U.S. Dep't of the Air Force v. Rose,* 425 U.S. 352, 380-81 (1976) (releasing case summaries of disciplinary proceedings provided personal identifying information deleted); *Arieff v. U.S. Dep't of the Navy,* 712 F.2d 1462, 1468-69 (D.C. Cir. 1983) (releasing computerized lists of numbers and types of drugs routinely ordered by congressional pharmacy after deletion of item identifiable to specific individual).

With these principles in mind, the special master must now balance the Petitioner's privacy interest with the public interest underlying the Vaccine Act.

---

[4] The Supreme Court has declared that the privacy interest inherent in Exemption 6 "belongs to the individual." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 794, 763-65 (1989)(emphasizing that privacy interest belongs to individual). Moreover, the literal understanding of privacy encompass the individual's control of information concerning his or her person. *Reporters Comm.*, 489 U.S. at 763.

**C. Weighing Petitioner's Privacy Interests Against The Public Interests in Disclosure As Directed By The Foregoing Applicable Principles Dictates That Petitioner's Name Should be Redacted and Initials Substituted For It.**

Based on the foregoing, to decide whether Petitioner's name should be redacted, the special master must now weigh Petitioner's privacy interest in withholding his name against the public interest in disclosure of the decision. As to the privacy interest in withholding his name, it has been recognized that release of this information in the context of a decision linking his name to the medical conditions constitutes a substantial invasion of privacy. As the Supreme Court noted, "the invasion of privacy becomes significant when the personal information is linked to particular [people]." *Ray,* 502 U.S. at 176; *W.C.,* 100 Fed. Cl. at 459. Redaction of Petitioner's name is certainly necessary to prevent his name from being "linked" to information concerning his medical condition. As such, he has a substantial privacy interest in having his name redacted.

As to the government's interest in public disclosure of Vaccine Act decisions, such interest is more limited than the public interest cited as a basis for disclosing records of civil cases, that of "keep[ing] a watchful eye on the workings of public agencies," *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Instead, the public interest purposes of the Vaccine Act are, *inter alia,* to disseminate information to the public about vaccines. *W.C.,* 100 Fed. Cl. at 460. As explained in the legislative history, the Vaccine Act is "designed to widen the knowledge about adverse reactions to childhood vaccines." *W.C.,* 100 Fed. Cl. at 460 (citing H.R.Rep. No. 99–908, at 1; S.Rep. No. 99–483, at 18). It is further noted that "the primary method of reducing adverse [vaccine] reactions [in] children is through an informed public". *Id.* Thus, the primary purpose underlying the Vaccine Act's disclosure provisions is to ensure information regarding vaccines is made available.

Weighing Petitioner's substantial privacy interest in redacting his name against the public interest in the Vaccine Act of disseminating information regarding vaccines to the public, the special master concludes that redaction is appropriate. The public interest of providing information regarding vaccines can certainly be served without disclosing the claimant's name. On the other hand, the logical way to protect a person's name from being linked to the medical information in the decision is to redact that name. As has been recognized by the Court in *W.C.* the purposes of the Vaccine Act "are not served by requiring petitioner's names to be published where an objection is made on reasonable grounds. Such disclosure may discourage potential petitioners from filing new cases, thus tending to inhibit public awareness of vaccines and their risks." 100 Fed. Cl. at 400.

This conclusion is further supported by reference to the legislative history. Indeed, the Senate Committee Report on the bill that became the Vaccine Act in 1986 specified that the committee "d[id] not believe that the name of the individual who suffered an adverse reaction need be available to the public." S.Rep. No. 99–483, at 18; *W.C.,* 100 Fed. Cl. at 460. The Vaccine Act's purposes of providing information regarding vaccines are not served by requiring the disclosure of Petitioner's name.

Respondent argues that Petitioner's motion should fail because the items that may be redacted are limited to those set forth in Vaccine Rule 18(a), which mirrors the language of 42 U.S.C. § 300aa-12(d)(4)(B). Respondent's Response at 2. But as explained above, because the statute and rule list all items that are to be redacted, it is necessary to interpret the clearly unwarranted invasion of privacy language consistent with governing principles. And, interpreting the language of Section 12(d)(4)(B) and Vaccine Rule 18(a) requires the special master to identify the privacy interests of Petitioner, one of which is an interest in having his name redacted. As such, although not explicitly identified, his name is certainly within the interests intended to be considered under Section 12(d)(4)(B).

Respondent also argues that Petitioner has offered very little in terms of support for his claim that release of his name might jeopardize his career and interfere with his ability to perform his job. But, the fact is that Petitioner has a substantial privacy interest in protecting his name from disclosure when it is linked to his medical conditions. On the other hand, the Vaccine Act's purposes provide little, if any, reason why release of his name is in the public interest. This is particularly significant given that the purposes underlying release of information under the Vaccine Act is different than the general interests underlying the disclosure of information in civil cases generally. Unlike in civil cases where the underlying release is to ensure that government operations are open to public inspection, the Vaccine Act's purposes is more specific, *i.e.,* to release information regarding vaccines to the public. This distinction is significant because whereas the names of those involved in civil cases may be necessary to fulfill the purposes of disclosure in civil cases, the name of a petitioner is not necessary to fulfill the Vaccine Act's purposes of providing information regarding vaccines to the public.

Moreover, redaction of Petitioner's name from the decision is consistent with FOIA decisions recognizing the disclosure of documents with redaction of names pursuant to Exemption 6. *See generally Carter, Fullerton & Hayes LLC v. FTC¸* 20 F. Supp.2d 134, 148 (D.D.C. 2007) (releasing text of consumer complaint database except personal information regarding individual consumers); *Chamberlain v. Kurtz,* 589 F.2d 827, 841-42 (5th Cir. 1979) (release of documents concerning disciplined IRS employees provided names and identifying information redacted). Based on the similar language of that statute, it is reasonable that a similar practice should apply here. The special master concludes that Petitioner's privacy interest in protecting his name being linked to a particular medical condition outweighs the Vaccine Act's interest in disclosing vaccine information.

## CONCLUSION

For the foregoing reasons, the special master concludes that Petitioner's name should be redacted from the decision in this case and his initials substituted in its place. A copy of the redacted decision to be published is attached as Appendix A.

**IT IS SO ORDERED.**

s/ Daria J. Zane
Daria J. Zane
Special Master

7